JOHN O. SANDERS, PLAINTIFF IN ERROR, V. LEOTA G. SANDERS, DE-
FENDANT IN ERROR.

In the Springfield Court of Appeals.   January 15, 1931.

*John O. Sanders* for plaintiff in error.

*D. H. Kemp* for defendant in error.

COX, P. J.—Proceeding to change an order of the circuit court
of Barry county awarding the custody of two minor children to de-
fendant.   The court found for defendant, plaintiff sued out this writ
of error asking this court to reverse the action of the trial court.
Plaintiff sometime ago sued defendant for divorce in the circuit court
of Barry county, Missouri, and asked that the custody of these two
minor children be awarded to him.   The defendant was then a
resident of the State of Maryland and service was had upon her
by publication.   She knew nothing of the divorce proceeding.   These
minor children were then in her custody in the State of Maryland.
The circuit court of Barry county granted plaintiff a divorce and
also awarded him the custody of these children, although they were
then in the custody of their mother in another State.   Later defend-
ant filed a motion in the circuit court of Barry county asking a
modification of the divorce decree as to the custody of the children

and upon that hearing the court awarded the custody of these children to defendant. That case was appealed by plaintiff to this court and upon determination of that appeal here, the judgment of the lower court was modified in certain parts and as modified affirmed. [See 14 S. W. (2d) 458.]

This proceeding seeks to change the last order of the court as to the custody of the children and place that custody back with plaintiff. At the trial, the court refused to hear any testimony offered by plaintiff as to what had occurred and the conduct of defendant at any time prior to the date when the mandate of this court on the appeal from the order granting the custody of these children to defendant was filed with the clerk of the Barry county circuit court, to-wit, June 1, 1929. Plaintiff contends that he should have been permitted to go back to the date of the last order fixing the custody of the children. In that contention, we think the plaintiff is right. When the circuit court made its first order awarding the custody of these children to defendant, that became res adjudicata as to everything that had occurred prior to that time, but could not be res adjudicata as to anything that should occur after that date. Upon the hearing of the case in this court upon appeal, this court could not and did not take into consideration anything that might have occurred after the date upon which the judgment in the circuit court awarding the custody of these children to defendant was entered. It is clear to us that upon the hearing of plaintiff's motion to modify, the trial court should have received all competent evidence offered as to what had occurred from the time of the hearing in the circuit court when the order was made giving the custody of these children to defendant but could not go back further than that date.

The judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.,* concur.